**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                     Case No. 8:19-cr-510-KKM-SPF

JACQUES ORSINI MARTINEZ,

     Defendant.

_____

## ORDER

Jacques Orsini Martinez moves for a reduction of his 156-month sentence down to 121 months under 18 U.S.C. § 3582(c)(2) and Amendment 821. *See* Mot. for Sentence Reduction (Mot.) (Doc. 550). The United States concedes that Martinez is eligible for a reduction but opposes one. *See* Resp. (Doc. 551). I conclude that a discretionary sentence reduction is not warranted.

## I.    BACKGROUND

On September 29, 2021, Martinez pleaded guilty to one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii). Acceptance of Plea (Doc. 258); *see* Indictment (Doc. 1). The Probation Office calculated a total offense level of 31. Presentence Investigation Report (PSR) (Doc. 366) ¶¶ 60–71. Martinez had a criminal history score of five—with two status points added because he committed the instant offense while under a criminal justice sentence—with a resulting criminal history category of III. *Id.* ¶¶ 72–82. His

guidelines' range was 135 to 168 months' imprisonment. *Id.* ¶ 116. Senior District Judge Bucklew sentenced Martinez to a within-guidelines term of 156 months' imprisonment. *See* (Docs. 433, 434, 435).

Martinez moves for a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines, which became effective after Martinez's sentencing and applies retroactively. *See* U.S.S.G, Amend. 821 (Effective Nov. 1, 2023). Part A of Amendment 821 "limit[s] the overall criminal history impact of 'status points.'" U.S.S.G. § 1B1.10, cmt. n.7. Applying the relevant reduction in status points, Martinez's criminal history category drops to a category II. *See* Probation Mem. (Doc. 538) at 2. With an offense level of 31 and criminal history category II, Martinez's guidelines range is 121 to 151 months' imprisonment. *Id.* The government opposes a reduction. *See* Resp.

## II.    LEGAL STANDARD

Ordinarily, sentences are final upon exhaustion of direct review. Section 3582(c)(2), Title 18, allows a district court to reduce a prison sentence if the Sentencing Commission reduces a sentencing guidelines range, a reduction is consistent with the Sentencing Commission's policy statements, and the § 3553(a) factors support a reduction. The inquiry proceeds in two steps. First, the court must determine "that a reduction is consistent with § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part,

according to the factors set forth in § 3553(a)." *Id.* Ultimately, even when a defendant qualifies for a sentence reduction, "the district court still retains the discretion to determine whether a sentence reduction is warranted." *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

## III.  ANALYSIS

Both parties agree that Martinez is eligible for a sentence reduction under Amendment 821. The relevant policy statements and § 3553(a) factors, however, do not warrant a reduction.

To start, "the nature and circumstances of the offense and the history and characteristics of the defendant" counsel against a reduction. *See* 18 U.S.C. § 3553(a)(1). Martinez has an extensive criminal history, beginning when—at eighteen years old—he engaged in a conspiracy that resulted in two homicides in Puerto Rico. *See* PSR ¶¶ 74, 85. Martinez then served a three-year sentence for weapons-related offenses. *See id.* ¶¶ 75–78, 86. Since then, Martinez has a been involved in the illegal drug trade. *See id.* ¶¶ 8–15, 74–79. In 2000, Martinez began leading a Puerto Rican drug-trafficking organization responsible for distributing 77.9 kilograms of cocaine base and 2,570 kilograms of marijuana. *Id.* ¶ 79. Most recently, and until late 2019, Martinez led another international drug-trafficking organization in Puerto Rico that shipped cocaine into the United States. *See id.* ¶¶ 8–15, 64. As the organization's leader, Martinez set prices, directed sales, and managed proceeds. *See id.* In one

3

specific instance, Martinez personally shipped $300,000 from Florida to Puerto Rico. *Id.* ¶ 9. Martinez's long-term involvement in international drug trafficking—with the bulk of that time spent in leadership positions—weighs strongly against a reduction.

Next, a reduced sentence would not satisfy the goals of Section 3553(a)(2). In leading the most recent drug-trafficking organization, "Martinez is accountable for at least 14.6 kilograms of cocaine," an amount worth nearly half-a-million dollars. PSR ¶ 15. A reduced sentence at the low-end of the revised guidelines range would not reflect the seriousness of Martinez's offense, promote respect for the law, or provide just punishment for Martinez's significant leadership role in the drug-trafficking enterprise. *See* 18 U.S.C. § 3553(a)(2)(A). Likewise, the 156-month sentence imposed "afford[s] adequate deterrence to criminal conduct," in a way that the reduced sentence would not. *Id.* § 3553(a)(2)(B).

Finally, the need to protect the public from Martinez warrants denying his motion for a sentence reduction. *See* 18 U.S.C. § 3553(a)(2)(C); U.S.S.G. 1B1.10 cmt. n.1(B)(ii) ("The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."). The substance of Martinez's criminal conduct confirms that he poses a danger to the community. As does the timing of his most recent offense. Martinez commenced a term of

supervised release in June 2018. PSR ¶ 79. Just over a year later, in November 2019, Martinez violated his supervised release by leading the very same type of drug-trafficking activities. *Id.* Because of Martinez's recidivism, reducing his sentence would pose an unwarranted risk to the safety of the public.

Accordingly, even considering Martinez's eligibility and the lowered guidelines range, Martinez's characteristics and the circumstances of his offense do not support granting his motion for a sentence reduction. Martinez's 156-month term of imprisonment remains appropriate.

## IV.  CONCLUSION

For the reasons above, the § 3553(a) factors and the need to protect the public do not warrant reducing Martinez's sentence.

Accordingly, the following is **ORDERED:**

1.  Defendant Jacques Orsini Martinez's Motion for Sentence Reduction Under Amendment 821 (Doc. 550) is **DENIED.**

**ORDERED** in Tampa, Florida, on March 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

5